| | |
|---|---|
| KAELA ALLVIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 3:25-CV-68-DCP |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 21]. On February 18, 2025, Plaintiff filed a Complaint against the Commissioner of Social Security ("Commissioner" or "Defendant") seeking judicial review of the Commissioner's decision denying her application for Social Security Disability Insurance benefits and Supplement Security Income [Doc.4].[1] For the reasons set forth below, the Court will **AFFIRM** the decision of the Commissioner.

## I. PROCEDURAL HISTORY

In 2021, Plaintiff filed for Supplemental Security Income [Tr. 285–86] and Disability Insurance Benefits [Tr. 306] pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, and Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, respectively.[2] Plaintiff

---

[1] Plaintiff initially attempted to file her Complaint on February 14, 2025 [Doc. 1], but due to a filing error, the Complaint was refiled on February 18, 2025 [Doc. 4].

[2] Defendant notes that pursuant to the ALJ's finding, "Plaintiff has alleged an onset date of disability of July 3, 2020" [Doc. 14 p. 1, n.1 (citing Tr. 15)]. "Plaintiff's date last insured (DLI) is September 30, 2019; therefore, she would not be entitled to a period of disability and disability insurance benefits under Title II of the Social Security Act, because Plaintiff would not have disability insured status on the alleged date of onset" [*Id.* (citations omitted)]. He therefore concludes that "the portion of Plaintiff's request for hearing under Title II of the Social Security Act based on the claim for a period of disability and disability insurance benefits under section

claimed a period of disability that began on July 3, 2020 [*Id.* at 286, 306]. After her claim was denied initially [*id.* at 181, 191] and upon reconsideration [*id.* at 204], Plaintiff requested a hearing before an ALJ [*id.* at 216–17]. A hearing was held on October 11, 2023, before Administrative Law Judge ("ALJ") K. Dickson Grissom [*Id.* at 36–60]. On February 13, 2024, the ALJ found Plaintiff not disabled [*Id.* at 11–35]. Plaintiff asked the Appeals Council to review the ALJ's decision [*Id.* at 7–10]. The Appeals Council denied Plaintiff's request for review [*id.* at 1–6], making the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a Complaint with this Court on February 18, 2025, seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) [Doc. 1]. The parties have filed opposing briefs, and this matter is now ripe for adjudication [Docs. 11, 14, 23, 24, and 25].[3]

## II. DISABILITY ELIGIBILITY AND ALJ FINDINGS

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will only be considered disabled:

> [I]f his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of

---

216(i) and 223(a) of the Social Security Act after September 30, 2019, is moot" [*Id.* (citation omitted)]. Plaintiff does not respond to this argument. It is therefore waived. *AK v. Behav. Health Sys., Inc.*, 382 F. Supp. 3d 772, 775 (M.D. Tenn. 2019) (explaining that under case law, "when a party fails to respond to an argument, that argument is generally deemed to be unopposed and the proposition conceded" (citation omitted)).

[3]   Plaintiff originally filed her brief on May 22, 2025 [Doc. 11], and Defendant responded thereto [Doc. 14]. Later, the Court allowed Plaintiff to file an amended brief [*See* Doc. 22]. Plaintiff filed her Amended Brief on July 18, 2025 [Doc. 23], Defendant responded thereto [Doc. 24], and Plaintiff replied [Doc. 25]. The Court has considered all the parties' filings.

substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e), 416.920(a)(4), 416.920(e). RFC is the most a claimant can do despite his limitations. *Id.* §§ 404.1545(a)(1), 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove

3

that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

Here, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2019.

2. The claimant has not engaged in substantial gainful activity since July 3, 2020, the alleged onset date (20 CFR 404.1571 *et seq*. and 416.971 et seq.).

3. The claimant has the following severe impairments: multiple sclerosis; seizures; obesity; and affective disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except the claimant would be limited to 2 hours of an 8-hour day standing and/or walking, 6 hours of an 8-hour day sitting; would be precluded from all climbing; may occasionally balance, stoop, bend from the waist to the floor, kneel, crouch, or crawl; would be precluded from work at high exposed places or around moving mechanical parts or operating motor vehicles; would require a hand-held assistive device to ambulate, but would be able to carry objects in the other hand; would be limited to simple, repetitive, nondetailed tasks; public contact should be minimal to nonexistent; may have occasional contact with coworkers; supervision should be direct and nonconfrontational; and changes in the workplace should be infrequent.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on June 30, 1983, and was 37 years old on the alleged disability onset date, which is defined as a younger individual age 18–44 (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 3, 2020, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 18–28].

### III. ANALYSIS

In the instant matter, Plaintiff does not argue that the ALJ erred [*See* Doc. 23]. Instead, she claims that the Appeals Council erred [*See id.*]. According to Plaintiff, on February 27, 2024, she requested review by the Appeals Council [*Id.* at 2]. This review was based, in part, on a rebuttal vocational report by Karen R. Starr, MS, CRC, EDPNA ("Starr Report") [*Id.*]. The Starr Report is dated February 25, 2024, which is nine days after the ALJ's decision [Doc. 23-1]. Plaintiff argues that "[t]he Appeals Council erred when it failed to acknowledge or discuss rebuttal vocational evidence submitted with the appeal" [Doc. 23 p. 1 (emphasis omitted)].

In her original brief, Plaintiff requested that "the Court . . . enter judgment under sentence four of 42 U.S.C. § 405(g), reversing the SSA's final decision with a remand for a hearing, i.e.,

5

Case 3:25-cv-00068-DCP    Document 27    Filed 03/04/26    Page 5 of 12    PageID #: 4704

for further administrative proceedings" [Doc. 11 p. 13]. Defendant responded that the Appeals Council's denial is not subject to review under sentence four [Doc. 14 pp. 3–4].

To the extent Plaintiff seeks a remand under sentence four, the Court has no jurisdiction over Plaintiff's claim.[4] As the Court of Appeals for the Sixth Circuit has explained, "When the Appeals Council of the Social Security Administration declines to review a disability determination made by an administrative law judge (ALJ), it has not made a final decision subject to judicial review under 42 U.S.C. § 405(g)." *Pierson v. Comm'r of Soc. Sec.*, No. 21-2848, 2022 WL 819735, at *1 (6th Cir. Mar. 18, 2022); *see also Linville v. Bisignano*, No. 6:25-CV-11, 2025 WL 1520463, at *2 (E.D. Ky. May 28, 2025) (denying the plaintiff's request for remand under sentence four of 42 U.S.C. § 405(g), finding that the Court lacked jurisdiction to review the Appeals Council's decision).

In Plaintiff's Amended Brief, she changes course and asks for a remand under sentence six [*See* Doc. 23]. She asserts that the Starr Report is material because it could change the outcome of her case [*Id.* at 10–11]. In addition, she claims she has shown good cause because "the context for obtaining vocational evidence is very different than that related to marshaling medical evidence" and "the [Appeals Council] did not acknowledge the existence of this evidence at all" [*Id.* at 12, 13]. She contends that the Appeals Council failed to consider the materiality of the evidence and whether there was good cause for the timing of the submission [*Id.* at 13]. "[A]ssuming, for the sake of argument," Plaintiff states, "that this Court believes that the Starr [R]eport establishes the requisite reasonable probability as to some jobs, but not others, or in some other way not entirely convincing, remand is still necessary" [*Id.* at 16].

---

[4] It appears Plaintiff concedes this proposition [*See* Doc. 23 p. 4 ("In the Sixth Circuit, federal courts do not consider evidence not presented to the ALJ under 'sentence four'" (citations omitted)].

Defendant responds in opposition, arguing that "the submitted evidence does not meet the criteria for a sentence six remand" [Doc. 14 p. 4]. Defendant submits that "Plaintiff fails to meet that burden as there is no definitive showing that the additional evidence was new, and Plaintiff cannot demonstrate that she had good cause for failing to present the additional evidence during the proceedings before the ALJ" [*Id.* at 5]. In addition, Defendant states that Plaintiff cannot show good cause because she "obtained the Starr [R]eport to undermine the vocational expert evidence that the ALJ relied upon to find that she was not disabled" [*Id.* at 6 (citation omitted)]. In his Amended Brief, Defendant maintains that "Plaintiff has failed to establish[] good cause for not presenting the evidence to the ALJ" [Doc. 24 p. 3].

Plaintiff replies that "because the Appeals Council . . . never even acknowledged the existence of the Starr [R]eport, no less made any findings regarding it, it did not find a lack of good cause for her having submitted it" [Doc. 25 p. 1 (emphasis omitted)]. 'This," Plaintiff claims, "combined with the fact that the evidence submission was made in conformance with the regulations . . . makes meaningful judicial review impossible" [*Id.*].[5]

A sentence six remand refers to "the sixth sentence of § 405(g)." *Follen v. Comm'r of Soc. Sec.*, No. 25-3135, 2026 WL 381021, at *2 (6th Cir. Feb. 11, 2026). Sentence six states, "The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is

---

[5] The Court notes that there is a notation that files are attached with what appears to be a hyperlink in the Appeals Council Request for Review Tracking System, but the Court is unable to view the attached files [Tr. 285]. The Notice of Appeals Council Action identifies two exhibits, one of which is Plaintiff's representative brief dated February 27, 2024 [*Id.* at 4]. It is a one-page exhibit [*Id.*]. Plaintiff's representative brief states, "Attached is a Vocational Report prepared by Karen R. Starr, . . . which rebuts the testimony of the vocational expert who testified at the hearing" [*Id.* at 434]. It is not clear to the Court whether the Appeals Council failed to acknowledge the evidence or whether Plaintiff failed to submit it. But regardless, the outcome would not change.

7

good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g); *see also Brainard v. Sec'y of Health & Hum. Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) ("[W]here a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is material and that there was good cause for not presenting the evidence in a prior proceeding."). Plaintiff bears the burden of showing "that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (quoting *Cline v. Comm'r of Social Security,* 96 F.3d 146, 148 (6th Cir.1996)).

In the instant matter, the parties dispute whether the evidence is new and whether Plaintiff established good cause.[6] The Court will start with whether the Starr Report is new evidence. "For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster*, 279 F.3d at 357 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). The Starr Report is dated nine days after the ALJ's decision, and therefore, it was not in existence at the time the ALJ rendered the opinion. Although Plaintiff does not explicitly address this requirement, she notes, in context of her good cause argument, that the "[vocational expert's] evidence comes in live at the hearing" and because "more than one hypothetical question is posed . . . it is unclear until the decision is issued which part of the [vocational expert's] evidence the ALJ will rely on" [Doc. 23 p. 13 (footnote omitted)]. In light of this argument, the Court finds that the Starr Report is new.

---

[6] The Sixth Circuit has explained that "material evidence" means that "there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.'" *Foster*, 279 F.3d at 357 (quoting *Sizemore v. Sec'y of Health & Human Servs.,* 865 F.2d 709, 711 (6th Cir. 1988)). Plaintiff argues that the Starr Report is material [Doc. 23 pp. 7–11]. Defendant does not respond to this argument [*See* Docs. 14 and 24]. Plaintiff's argument is therefore conceded. *See AK*, 382 F. Supp. 3d at 775.

Turning to the good cause requirement, the plaintiff "shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357 (citation omitted).[7] Plaintiff advances three primary arguments to show good cause. First, she states that she has shown good cause because the vocational expert testifies at the hearing, and it is unclear what the ALJ will rely on until the ALJ renders the decision [Doc. 23 p. 13]. "[But] [t]his circuit has taken a harder line on the good cause test[,]" *Oliver v. Sec'y of Health & Hum. Servs.*, 804 F.2d 964, 966 (6th Cir. 1986), and she fails to explain why she did not ask the ALJ to keep the record open in light of the vocational testimony so that she could submit the Starr Report to rebut that testimony. *See Linville*, 2025 WL 1520463, at *2 ("[The plaintiff] could have asked the ALJ to keep the record open longer."). And the Starr Report is dated nine days after the ALJ's decision, which "suggests that the report was generated for the purpose of rebutting the ALJ's analysis." *Id.* Courts have found good cause lacking when the new evidence is "prepared solely to support her disability claim." *Emily G. v. Comm'r of Soc. Sec.*, No. 3:23-CV-00359, 2024 WL 4481879, at *4 (W.D. Ky. July 26, 2024) (citations omitted), *report and recommendation adopted*, No. 3:23-CV-359, 2024 WL 4235710 (W.D. Ky. Sept. 19, 2024); *see also Koulizos v. Sec'y of Health & Hum. Servs.*, 802 F.2d 458, 1986 WL 17488, *2 (6th Cir. 1986) ("[G]ood cause is shown for remand if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose

---

[7] Plaintiff indicates that she does not have to establish good cause given that the Appeals Council ignored the Starr Report [*See* Doc. 23 p. 16]. But the Court's review is limited under sentence six. *See Hamilton v. Comm'r of Soc. Sec.*, No. 2:22-CV-10066, 2022 WL 19518454, at *10 n.12 (E.D. Mich. Oct. 6, 2022) ("The evidence post-dating the administrative decision is subject to a narrow review by the court.") (citing *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993)), *report and recommendation adopted sub nom. Hamilton v. Kijakazi*, No. CV 22-10066, 2023 WL 2733389 (E.D. Mich. Mar. 31, 2023), *aff'd sub nom. Hamilton v. Comm'r of Soc. Sec.*, 98 F.4th 800 (6th Cir. 2024).

9

of attempting to prove disability."); *Curtis v. Comm'r of Soc. Sec.*, No. CV 16-11062, 2017 WL 957454, at *6 (E.D. Mich. Feb. 21, 2017) ("While it is unclear whether counsel deliberately submitted the newer records to 'sandbag' the ALJ's non-disability finding, post-decision evidence created for the purpose of 'rebutting' an ALJ's decision does not satisfy the 'good cause' requirement of § 405(g)" (citations omitted)), *report and recommendation adopted*, No. 16-11062, 2017 WL 951271 (E.D. Mich. Mar. 9, 2017). And as noted above, "[P]laintiff's counsel did not seek to have the record remain open to submit the evidence here provided, which in and of itself shows a lack of good cause." *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007) (citation omitted).

Second, Plaintiff argues that the Appeals Council "did not acknowledge the existence of this evidence at all," and therefore, failed to analyze "whether the evidence was 'material' . . . and/or whether there was good cause for the timing of the submission" [Doc. 23 p. 13]. She contends that this is contrary to 20 C.F.R. §§ 404.967, 968, 970, & 970(a)(5) [*Id*. at 4, 13]. As noted above, however, "When the Appeals Council of the Social Security Administration declines to review a disability determination made by an administrative law judge . . ., it has not made a final decision subject to judicial review under 42 U.S.C. § 405(g)." *Pierson*, 2022 WL 819735, at *1; *see also Cox v. Comm'r of Soc. Sec. Admin.*, No. 5:16CV36, 2016 WL 4098411, at *4 (N.D. Ohio Aug. 2, 2016) ("[T]he Appeals Council's decision denying [the plaintiff's] request for review is not reviewable in this Court."). And further, "the key inquiry here is whether Plaintiff had good cause for failing to incorporate the referenced new evidence into the record for consideration by the ALJ[.]" *Kelch v. Kijakazi*, No. 1:21-CV-237, 2023 WL 2484866, at *4 (E.D. Tenn. Feb. 16, 2023), *report and recommendation adopted sub nom. Kelch v. Comm'r of Soc. Sec.*, No. 1:21-CV-237, 2023 WL 2484780 (E.D. Tenn. Mar. 13, 2023). Plaintiff has not done so here.

Finally, Plaintiff notes that "the issue of vocational evidence has been frequently litigated recently, there have been several policy adjustments by the Social Security Administration, and the issue of job availability has been covered by the national news" [Doc. 23 pp. 14–15]. But none of these reasons support a finding that Plaintiff has shown good cause for her failure to submit the Starr Report to the ALJ.

Lastly, Plaintiff cites various decisions purportedly supporting her argument [*See* Doc. 23 p. 6 (citing *Duran v. O'Malley*, 754 F. Supp. 3d 251 (D. Mass. 2024); *Sport v. Dudek*, No. 5:24-CV-495 [Doc. 18] (W.D. Tex. Apr. 16, 2025);[8] and *Adams v. Comm'r of Soc. Sec.*, No. 6:24-cv-57 [Doc. 16] (E.D. Ky. Aug. 26, 2024))].[9] But these decisions do not appear to address a sentence six remand. *See Duran*, 754 F. Supp. 3d at 261 ("A remand required due to new evidence submitted to the Council is under sentence four." (citations omitted)); *Sport*, No. 5:24-cv-495 [Doc. 18 (not discussing the good cause requirement); *Adams*, No. 6:24-cv-57 [Doc. 16] (remanding the case under sentence four).[10] As the Sixth Circuit recently noted, "If the district court wants to remand the case under Sentence Six, it must make the predicate findings in Sentence Six." *Follen*, 2026 WL 381021, at *2. Plaintiff has not established these predicate findings.

V. **CONCLUSION**

---

[8] Plaintiff attached the *Sport* decision to her brief [Doc. 23-2].

[9] Plaintiff attached the *Adams* decision to her brief [Doc. 23-3].

[10] Defendant asserts that the court in *Adams* granted a joint motion to remand under sentence four [Doc. 24 p. 4]. As part of her reply, Plaintiff submitted the plaintiff's underlying brief in *Adams* to support her argument that it "plainly involved the virtually identical circumstances of a submission of a rebuttal vocational report to the [Appeals Council] in a case where it did recognize the existence of the evidence" [Doc. 25 p. 2 (emphasis omitted)]. Even so, there is no discussion of the sentence six requirements. *See Adams*, No. 6:24-cv-57 [Doc. 16].

For the reasons explained, the Court hereby **AFFIRMS** the decision of the Commissioner.

The Court will **DIRECT** the Clerk of the Court to close this case.

**ORDER ACCORDINGLY.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge